530 F.2d 970
 90 L.R.R.M. (BNA) 3057, 77 Lab.Cas. P 11,145,
1975-1976 O.S.H.D. ( 20,135
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Union Boiler Company, Petitioner
vs.
National Labor Relations Board, Respondent.
 No. 74-2150.
 United States Court of Appeals, Fourth Circuit.
 Nov. 10, 1975.
 
 1
 Before HAYNSWORTH, Chief Judge, CRAVEN, Circuit Judge, and WARRINER,* District Judge.
 
 
 2
 NOTE: OPINION CONTAINS TABLE OR OTHER DATA THAT IS NOT VIEWABLE
 
 PER CURIAM
 
 3
 Union Boiler Company seeks review of the National Labor Relations Board's finding that it violated Section 8(a)(1) of the Act by discharging employees for engaging in protected, concerted activity--refusing to continue working because of their concern for job safety. The Board has cross-applied for enforcement of its order. We conclude the Board's findings are supported by substantial evidence and affirm.
 
 
 4
 The Board found that the several complaining parties were discharged after they left work to protest unsafe job conditions. The men were employed to clean the inside walls of a fly ash silo that was 160 feet high and 30-35 feet in diameter. In the best weather the work is unpleasant and risky. A crane is used to lower the workers into the silo through a small hatch at the top. Once they begin cleaning the dust becomes thick and the visibility poor.
 
 
 5
 On the day in question, the conditions were substantially worse than usual due to rainy weather. The visibility was unusually poor because there was less light and because the dust hung in the air rather than settling. Shortly before quitting time, the men were informed they would have to work a twelve hour shift. Apparently one of the men stated he would leave rather than work overtime. Nevertheless, they all worked for about two hours until they began discussing how unsafe the work was because of the weather. Thereupon they informed the supervisor they did not want to work on the silo any more that day. Notwithstanding his advice that if they left they would be replaced, the men went home and were not allowed to work the next day.
 
 
 6
 The rub is that the administrative law judge, after finding the facts to be as summarized above, concluded that the men quit working, not out of concern for their safety, but because they simply wanted to go home for the day. The Board accepted the judge's findings but concluded that the men had refused to continue, at least in part, because of the hazardous conditions. Indeed, the law judge had found that the men had worked two hours overtime when they decided "the job was unsafe to continue because of the slipperiness of the roof deck, the lack of visibility from inside the silo in finding the hatch, and the problem of communication signals to the crane man because of the darkness, inclement weather and fly ash dust blowing around the crane area."
 
 
 7
 In these circumstances we cannot say the Board exceeded its authority to review the findings of the law judge in rejecting his conclusion that the men left the jobsite simply because they objected to working overtime that day. It being thus established that the walkout was due to unsafe working conditions, it follows that the Board reasonably found the men were terminated for engaging in protected, concerted activity. See N.L.R.B. v. Washington Aluminum Co., 370 U.S. 9 (1962). Accordingly, the Board's order is affirmed and enforcement is granted.
 
 
 8
 Affirmed.